UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **WILLIAM EARL DeGRATE** | **CIVIL ACTION NO. 08-2002** |
| **VS.** | **SECTION P** |
| **WARDEN, OUACHITA PARISH CORRECTIONAL CENTER** | **JUDGE JAMES**<br>**MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner William Earl DeGrate, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on December 19, 2008. When he filed this petition he was a pre-trial detainee in the Ouachita Parish Corrections Center (OPCC) awaiting trial on various charges lodged in the Fourth Judicial District Court, Ouachita Parish. He was subsequently convicted of driving under suspension in the Monroe City Court, but it appears that he has served his sentence and has been released on probation. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition, amended petitions, and associated motions be **DENIED** and **DISMISSED**.

*Background*

*1. Original Petition and Exhibits*

On December 19, 2008, petitioner filed a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254. The petition alleged that petitioner was a pretrial detainee awaiting trial on various misdemeanor charges in the Fourth Judicial District Court. Exhibits attached to the petition included: (1) an OPCC Booking Report which indicated that petitioner was charged

with felony grade simple criminal damage to property, obstruction of justice and criminal mischief and was being held in lieu of bond in the amount of $22,500 [rec. doc. 1, Exhibit A, pp. 9-10]; (2) the copy of a *pro se* "Motion for Fast, Speedy Bond Reduction and/or Hearing," purportedly filed by the petitioner in the Fourth Judicial District Court [*Id.*, Exhibit B, p. 11]; (3) correspondence from the Ouachita Parish Clerk of Court advising petitioner that his pleadings were being returned unfiled because he failed to include the appropriate docket number [*Id.*, Exhibit C, p. 12]; (4) the copy of a *pro se* "Motion for Expert Witness" [*Id.*, Exhibit D, p. 13]; (5) correspondence from the Ouachita Parish Clerk of Court advising petitioner that his pleadings were being returned unfiled because he failed to include the appropriate docket number [*Id.*, Exhibit D, p. 14]; (6) a letter from petitioner to Ouachita Parish Clerk of Court W. J. Bill Hodge dated December 3, 2008 objecting to the Clerk's failure to file his pleadings [*Id.*, Exhibit E, p. 15]; and, (7) the Clerk of Court's reply dated December 5, 2008, listing the docket numbers on the various charges lodged against petitioner [*Id.*, Exhibit G, p. 17]

### *2. First Amended Petition*

On January 14, 2009, petitioner submitted an Amended Petition. He alleged that his motions for bond reduction and speedy trial were ignored by the court. He also alleged that the arresting officer and the judges of the Monroe City Court "told the District Attorney to make it hard for petitioner." He prayed for his immediate release because there was no "... credible evidence that suggest that the petitioner poses a serious danger to the community..." [rec. doc. 2]

### *3. Motion to Recuse the District Attorney*

On January 21, 2009, petitioner filed a *pro se* Motion seeking the recusal of the Fourth Judicial District Attorney and requesting that his charges be prosecuted by Louisiana's Attorney

General. He also alleged his actual innocence of the pending charges and demanded his immediate release or the reduction of bail. [rec. doc. 3]

*4. Second Amended Petition and Request for Emergency Relief*

On January 30, 2009, petitioner filed another amended petition. He reiterated his claim that his oral pro se motion for speedy trial and bond reduction entitled him to a preliminary hearing within the delays provided by Louisiana law. He also reiterated his claim that since he is not a danger to the community, he should be entitled to release or a lower bond. [rec. doc. 4]

*5. Third Amended Petition and Request for Emergency Relief*

On February 10, 2009, petitioner submitted yet another *pro se* pleading advising the court that he was now being housed at the Richwood Corrections Center. His somewhat disjointed pleading alleged the following – (1) On November 14, 2008, petitioner was in the Monroe City Court to answer to a contempt of court citation. According to petitioner, he was not in contempt of court; nevertheless, he was jailed on the contempt warrant; (2) after his release from OPCC, he was jailed again on the contempt charge notwithstanding the fact that he should have been credited with time previously served; (3) he was also jailed and charged in City Court with driving under suspension, even though he is innocent of that charge because he possesses a valid Texas Driver's License; (4) At some point, he pled guilty and was convicted of some unspecified offense (possibly driving under suspension) and ordered to pay a fine of $500 or in default thereof to serve 15 days in jail and that he was also sentenced to a 6 month suspended sentence all of which he claimed were excessive; and (5) the Monroe City Court Judge acted in an "unprofessional" manner and denied petitioner the opportunity to withdraw his guilty plea or to appeal his conviction. Petitioner again prayed for his immediate release. [rec. doc. 5]

*6. Third Amended Petition*

On March 5, 2009, petitioner filed another amended petition. He alleged that on some unspecified date the Fourth Judicial District Court "... drop[ped] charges to lesser charges and release[d] petitioner..." and that thereafter, "the Monroe City arrested petitioner and the petitioner been in jail since leaving Ouachita Parish on charges that petitioner was already in court for when arrested at the Monroe City Court and took to Ouachita Parish jail." He then complained that the City Court judge "... told petitioner that ... she didn't want to hear anything from petitioner..." He claimed that the judge then sentenced him to serve 10 days and 45 days and fines of $191 and $591, all of which he claimed were excessive. He claimed that the judge denied him the right to appeal and refused to lower the $591 fine/bond which was earlier imposed, thus resulting in his continued incarceration. Petitioner then prayed that this court "grant petitioner the right to appeal until he exhaust his appeal rights." [rec. doc. 6]

*7. Fourth Amended Petition*

On March 6, 2009, petitioner filed yet another amended petition. Therein he again maintained his innocence of the charge of driving under suspension and again, he accused the judge of the Monroe City Court of denying him a right to appeal. [rec. doc. 7]

*8. Change of Address*

Petitioner also filed a civil rights complaint in this court in December, 2008. See *William Earl DeGrate v. Sheriff Royce Toney, et al.*, No. 3:08-cv-1943. On March 23, 2009, he notified the court that as of that date his new mailing address was what appears to be a residential street address in Monroe. See No. 3:08-cv-1943 at rec. doc. 4.

*Law and Analysis*

*1. Pretrial Habeas*

The original petition for writ of *habeas corpus* sought either a speedy trial, bond reduction, or his immediate release from custody with respect to various charges, including at least one felony charge, which were then pending in Louisiana's Fourth Judicial District Court. [rec. docs. 1-5] However, on March 5, 2009, petitioner informed the court that the charges pending in the Fourth Judicial District Court were "... drop[ped]..." and that petitioner was "release[d]..." [rec. doc. 6]

Since there exist no serious collateral consequences associated with petitioner's pretrial detention, it thus appears that petitioner's *habeas corpus*, insofar as it contested his allegedly unlawful pretrial detention and sought either a speedy trial, a bond reduction, or his immediate release, is now moot and dismissal of that aspect of his claim on that basis is appropriate. Compare *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L .Ed.2d 43 (1998). Furthermore, petitioner's request for recusal of the Fourth Judicial District Attorney's Office was likewise rendered moot by petitioner's release from custody and the termination of prosecution in the Fourth Judicial District Court.

*2. Post-Conviction Habeas*

That finding does not end our inquiry, however, because petitioner also claims that he was wrongfully detained, convicted, and sentenced by the Monroe City Court on an allegedly bogus misdemeanor traffic offense – driving under suspension. Although it now appears that he is no longer in physical custody with respect to that conviction, he apparently remains on supervised probation, and therefore the conviction in question was not rendered moot by

petitioner's release from physical custody. See *Clark v. Prichard*, 812 F.2d 991, 997 (5th Cir.1987)("A person on probation and subject to the conditions of probation is 'in custody' for purposes of the habeas corpus statute."); see also *Spring v. Caldwell*, 692 F.2d 994, 996 (5th Cir.1982). In addition, petitioner's driving under suspension conviction carries serious potential collateral consequences.[1] *Spencer v. Kemna, supra*.

Since petitioner contests the custody associated with the judgment of a State court, his *habeas* petition is authorized by the provisions of 28 U.S.C. §2254 which also provides,

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"The exhaustion requirement 'is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.' " *Moore v. Quarterman*, 491 F.3d 213, 220 (5th Cir.2007)(quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir.2003)).

To satisfy the exhaustion requirement, the *habeas* petitioner must have fairly presented the substance of his federal *habeas corpus* claims to the highest state court. *Vasquez v. Hillery*, 474 U.S. 254, 257-58, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir.2005). In Louisiana, the highest court is the Louisiana Supreme Court; therefore, in order to satisfy the statutory and jurisprudential requirement of exhaustion, a *habeas corpus*

---

[1] In addition, the conviction See for example, La. R.S.32:415 which proscribes operating a motor vehicle with a suspended license.

petitioner who seeks to collaterally attack his Louisiana conviction must have presented his claims in a procedurally correct manner to the Louisiana Supreme Court before raising those claims in federal court.

The pleadings, exhibits, and published jurisprudence of the State of Louisiana reveal that petitioner has not exhausted available State court remedies. [See rec. doc. 6] Petitioner implies that he has been denied the right of appeal in the Louisiana courts; however, that claim is both incomprehensible and unsupported by the facts thus far alleged. While petitioner had no right to appeal the denial of his pretrial motions or his misdemeanor conviction, he nevertheless had the right to invoke the discretionary supervisory jurisdiction of the Second Circuit Court of Appeals and the Louisiana Supreme Court in order to seek review of the offending orders and judgments of both the Fourth Judicial District Court and the Monroe City Court.[2] Clearly, he did not do so prior to filing the instant suit, and to the extent that he now claims that his previous custody or current conviction and sentence violate the Constitution and laws of the United States, his failure to exhaust those state court remedies mandates dismissal of his petition.

---

[2] Louisiana employs a two-tiered system for review of trial court decisions. La. Const. art. 5, §§ 5, 10; see also La.Code Crim.Proc.Ann. art. 930.6(A). Petitioner had the right to seek discretionary review of each of the trial courts' pretrial determinations as well as his misdemeanor conviction by invoking the general supervisory jurisdiction of the appropriate Court of Appeal and then the Louisiana Supreme Court. *Id.* art. 930.6 – 1985 comment (b); see also *State v. Henderson*, 315 So.2d 275 (La.1975); *State v. Black*, 305 So.2d 472, 475 (La.1974).

Article 5, section 5(A) of the 1974 Louisiana Constitution vests the Louisiana Supreme Court with broad supervisory powers over <u>all other Louisiana courts</u>. *State v. Green*, 493 So.2d 588, 592 (La.1986). The constitution also grants any judge authority to issue all writs, including *habeas corpus*, necessary in aid of the court's jurisdiction. La. Const. art 5, § 2. In *State v. Wimberly*, 414 So.2d 666, 670 (La.1982), the Louisiana Supreme Court stated: "The constitutional grant of supervisory authority to this court is plenary, unfettered by jurisdictional requirements, and exercisable at the complete discretion of the court.... We have generally restricted the use of supervisory jurisdiction to those cases 'where there is a clear usurpation of power not confided by law, or a refusal to perform some duty plainly imposed by law, and which [the lower courts] have no discretion to refuse, and when there is an entire absence of other adequate remedy.'" (quoting *State ex rel. City of New Orleans v. Judge of the Sixth District Court*, 32 La.Ann. 549 (1880)) (emphasis supplied; citations omitted). In other words, under Louisiana's constitutional scheme, there is no limit on the authority of the appropriate courts of appeal or the Louisiana Supreme Court to exercise supervisory authority over the lower courts within their respective jurisdictions.

7

Therefore,

**IT IS RECOMMENDED** that petitioner's pretrial *habeas* petitions seeking a speedy trial, bond reduction, or an immediate release [rec. docs. 1, 2, 4, and 5] and his Motion for Recusal [rec. doc. 3] be **DISMISSED WITH PREJUDICE** as moot;

**IT IS FURTHER RECOMMENDED** that petitioner's post-trial petitions for *habeas corpus* [rec. docs. 5, 6, and 7] be **DENIED AND DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust all available State court remedies prior to filing suit.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Monroe, Louisiana, this 25th day of March, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE