RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 5/14/09
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| WILLIAM EARL DeGRATE | CIVIL ACTION NO. 08-2002 |
|---|---|
| VERSUS | JUDGE ROBERT G. JAMES |
| STATE OF LOUISIANA, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Before the Court is Petitioner William Earl DeGrate's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.

On March 25, 2009, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 8] recommending that the pretrial *habeas* petitions for a speedy trial, bond reduction, or immediate release and a motion for recusal be dismissed with prejudice as moot. Magistrate Judge Hayes also recommends that the post-trial *habeas* petitions be denied and dismissed without prejudice because Petitioner failed to exhaust all available State court remedies prior to filing suit.

On April 7, 2009, Petitioner filed an objection [Doc. No. 9] to the Report and Recommendation alleging that he is currently incarcerated and not on supervised release, that the Clerk of Court for the Fourth Judicial District refuses to provide him with the address of the Louisiana Supreme Court, and that he was subjected to cruel and unusual punishment while he was incarcerated at Richwood Correctional Center.

The Court ADOPTS the Report and Recommendation of the Magistrate Judge and responds briefly to the arguments raised in Petitioner's objection. First, regardless whether Petitioner is incarcerated or on supervised release, the analysis with respect to his post-trial *habeas* petitions remains the same. Second, to the extent that Petitioner claims that he should be excused from the

exhaustion requirement, the Court finds that his inability to obtain the Louisiana Supreme Court's address fails to establish that the state process is "ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). To the extent that Petitioner asserts a denial of access to the courts or a cruel and unusual punishment claim, he should file a separate civil rights complaint pursuant to 42 U.S.C. § 1983.

    MONROE, LOUISIANA, this __2__ day of May, 2009.

                                            ROBERT G. JAMES
                                            UNITED STATES DISTRICT JUDGE